IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIRAH JOHNSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>KIPP, NYC, LLC,<br><br>Defendant. | Case No.<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, AMIRAH JOHNSON ("JOHNSON"), and any other similarly situated employee who may join this action ("Plaintiffs"), by their attorneys, Jaffe Glenn Law Group, P.A., upon personal knowledge as to herself and upon information and belief as to other matters, allege as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), on behalf of herself and all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA, the New York Labor Law ("NYLL") and other applicable rules, regulations, and statutues.

2. As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA, the NYLL and applicable rules, regulations, and statues, by failing to pay Plaintiff and all other similarly situated employees for all of their overtime hours worked based upon its unlawful policies and practices.

3. Plaintiff has retained the law office of Jaffe Glenn Law Group P.A. to represent her in this matter.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and 1367, and by 29 U.S.C. § 201, *et. seq*.

5. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendant is subject to personal jurisdiction in this district. At all times material hereto, Plaintiff, JOHNSON, performed non-exempt duties for the Defendant in the Borough of Brooklyn, New York, within the jurisdiction and venue of this Court.

8. At all times pertinent to this Complaint, the Defendant, KIPP, was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendant was involved in interstate commerce and grossed more than $500,000.00 in the years at issue.

9. Defendant is within the personal jurisdiction and venue of this Court. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees' at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

10.     Throughout the relevant period, Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL. Defendant has substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

11.     Defendant is a covered employer within the meaning of the FLSA and NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## THE PARTIES

*Plaintiff*

12.     Plaintiff JOHNSON is an adult resident of the County of Brooklyn, State of New York.

13.     Plaintiff, JOHNSON, works for Defendant at KIPP NYC, LLC ("KIPP"), located in Brooklyn, New York, as a non-exempt office worker.

14.     At all times relevant to the Complaint, Plaintiff JOHNSON was an "employee" within the meaning of Section 3(e) of the FSLA, 29 U.S.C § 203(e), and N.Y. Labor Law § 190(2).

15.     JOHNSON worked for Defendant as a non-exempt office worker at this location from approximately 2009, until 2013.

16.     JOHNSON was improperly paid a yearly salary of approximately 65,000.00 per year. Regardless of the number of hours JOHNSON worked in a work week, JOHNSON was paid his salary, and never paid at the proper overtime rate.

17.     In addition to relief sought pursuant to the FLSA, Plaintiff, JOHNSON, also

- 3 -

brings this action on behalf of herself and all similarly situated current and former employees of Defendant who worked in New York to remedy violations of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

18. Plaintiff, JOHNSON, has filed a Consent to Join with this Court.

*Defendant*

19. Upon information and belief, KIPP serves 50,000 students in 141 schools in 20 states across the country.

20. Upon information and belief, and all times herein after mentioned, Defendant KIPP was and still is engaged in providing educational services.

## FACTS COMMON TO ALL CLAIMS

21. The violations described herein relate back to the three (3) years preceding the filing of this action (the "FLSA Period"); in addition, as to the current employees, these are continuing violations.

22. For the last three years of her employment, JOHNSON was scheduled to work Monday through Friday from 7:00 a.m. to 5:00 p.m. for a total of 50 hours per week. However, during any work week that she worked at least 5 days/shifts, JOHNSON actually worked in excess of 50 hours; and (b) she worked during her meal break.

23. During work weeks that she worked at least five (5) days, JOHNSON worked overtime, including Off-the-Clock Overtime, including but not limited to each work week in the months of 2009 through October 2013.

24. During her Off-the-Clock Overtime hours worked, JOHNSON performed her usual duties as a clerical office worker.

25. JOHNSON estimates that for each work week that she worked at least five (5) days, her average amount of uncompensated wages due to Off-Clock-Clock Overtime worked to be approximately $126.00, plus liquidated damages, as well as reasonable attorneys' fees and costs.

26. Plaintiff and the members of the Asserted Class worked and those who are current employees continue to work Off-the-Clock Overtime performing clerical duties and other non-exempt office duties.

## FLSA COLLECTIVE ACTION FACTS

27. For purposes of the FLSA, the Asserted Class is defined as follows:

All non-exempt employees, however variously titled, employed by Defendant at its New York facility, who have not been paid for all overtime hours worked.

28. Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and the Asserted Class who worked for Defendant, on or after December, 2010, and who elect to opt-in to this action (the "FLSA Collective").

29. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

30. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

31. Defendant is aware or should have been aware that federal law required them to pay Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

32. Plaintiff and the FLSA Collective all perform or performed the similar duties of value-added services by an office worker.

33. Plaintiff and the FLSA Collective all were improperly compensated.

34. Plaintiff and the FLSA Collective all were subject to the same employment policies, procedures and practices as centrally disseminated by Defendant.

35. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

36. Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

37. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

38. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

39. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

40. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

41. Defendants are each employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

42. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

43. Defendant has failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

44. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

45. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

46. As a result of Defendants' willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

47. As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**New York Labor Law – Unpaid Overtime**
**(Brought on behalf of the New York Plaintiff and the New York Class)**

48. The New York Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendant engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Collective Action Complaint.

50. At all times relevant, Plaintiff and all those similarly situated have been employees and Defendant has been their employer within the meaning of the NYLL.

51. The Plaintiff and all those similarly situated are covered by the NYLL.

52. Defendant employed Plaintiff and all those similarly situated as employers.

53. Defendant has failed to pay the Plaintiff and all those similarly situated all of the overtime wages to which they are entitled under the NYLL Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

54. Defendant has failed to pay the Plaintiff and all those similarly situated all of their overtime wages at a rate of one and one-half times their regular rate of pay.

55. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Plaintiff and all those similarly situated of the New York Class.

56. Defendants' violations of the NYLL, as described within the meaning of N.Y. Lab. Law § 663, have been willful and intentional.

57. Due to Defendants' violations of the NYLL, the Plaintiff and all those similarly situated are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

**AS AND FOR THE THIRD CAUSE OF ACTION**

**ON BEHALF OF PLAINTIFF**
**FOR VIOLATION OF NOTICE AND RECORD-KEEPING REQUIREMENTS**
**A NYLL VIOLATION**

58. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

59. Defendant failed to supply Plaintiff notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay, and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rates or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; an "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

60. Defendant failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked in applicable; deductions; and net wages.

61. Due to Defendant's violations of N.Y. Lab. Law § 195, Plaintiff is entitled to damages of fifty dollars for each workweek that Defendant failed to provide Plaintiff with a wage notice, or a total of twenty-five hundred dollars, and damages of one hundred dollars for

each workweek that Defendant failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars, as provided for by the N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay, liquidated damages, and penalties as permitted by law pursuant to the state law claims;

D. Issuance of a declaratory judgment that the practices complained of in Collective Action Complaint are unlawful under appropriate state law;

E. Pre-judgment interest and post-judgment interest as provided by law;

F. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

G. Attorneys' fees and costs of the action;

H. Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: New York, New York
January 28, 2014

Respectfully submitted,

**s/JODI JAFFE**
Jodi Jaffe
New York Bar No. JJ8034
**JAFFE GLENN LAW GROUP, P.A.**
Lawrence Office Park
168 Franklin Corner Road
Building 2, Suite 220
Lawrenceville, NJ 08648
Telephone: (201) 687-9977
Facsimile: (201) 595-0308

12000 Biscayne Blvd., Suite 305
North Miami, FL 33181
Telephone: (305) 726-0060
Facsimile: (305) 726-0046
*Attorneys for Plaintiffs*